Eric Lenard SMITH, Appellant

v.

The STATE of Texas.

No. 1548–02.

Court of Criminal Appeals of Texas.

April 7, 2004.

---

31. 100 S.W.3d at 533.

32. *Id.*

33. *Id.*

34. *See, e.g., Watson v. State,* 924 S.W.2d 711 (Tex.Crim.App.1996); *Vidaurri v. State,* 49 S.W.3d 880 (Tex.Crim.App.2001).

35. 68 S.W.3d at 636–37.

36. *Id.*

37. *Thompson,* 108 S.W.3d at 290; *Madding,* 70 S.W.3d at 135; *Coffey,* 979 S.W.2d at 328.

Tony Aninao, Houston, for appellant.

Eric Kugler, Assistant District Attorney, Houston, Matthew Paul, State's Attorney, Austin, for State.

## OPINION

PRICE, J., delivered the opinion for a unanimous Court.

We granted review in this case to determine (1) whether the Court of Appeals erred in abating this case to allow the appellant to file an out-of-time motion for new trial and (2) whether the State was seeking review of an interlocutory order. After reviewing the briefs of the parties and the relevant case law, we conclude that the State is seeking review of an interlocutory order. As a result, we dismiss the State's petition for discretionary review.

The appellant was charged with aggravated robbery. In October 1996, he pleaded guilty to the lesser-included offense, aggravated assault. The trial court deferred adjudication and placed him on community supervision for ten years. The State filed a motion to adjudicate guilt, which the trial court granted on March 19, 1998. During the punishment portion of the hearing on the motion, the appellant's counsel presented no evidence and was completely silent. The trial court sentenced the appellant to sixteen years confinement in the Texas Department of Criminal Justice—institutional division.

On April 2, 1998, the appellant filed a *pro se* notice of appeal in which he said that he was not appealing his guilt, but he said that his sentence was "very unjust." He alleged that counsel did not tell him of the need for character witnesses and that witnesses would have been able to testify if he had known of the need. On April 9, 1998, a pauper's oath was filed, and seven days later the trial court signed an order appointing appellate counsel.

On direct appeal the appellant complained that he was denied counsel during the thirty-day period for filing a motion for

new trial.[1] The Court of Appeals held that (1) it had jurisdiction to handle the appellant's appeal because he was complaining about punishment and not the adjudication of guilt and (2) the record rebuts the presumption that appellant had the benefit of counsel during the time for filing a motion for new trial.[2] The Court held that the appropriate remedy was to return the appellant to the position he was in when the denial occurred.[3]

The State filed a petition for discretionary review, which we granted. We held that the record was insufficient to rebut the presumption that the appellant had had counsel during the time for filing a motion for new trial.[4] We remanded the case for the Court of Appeals to consider the appellant's remaining points of error.[5]

On June 28, 2001, the Court of Appeals issued an order abating the case. It ordered the trial court to conduct a hearing to determine whether the appellant can overcome the presumption that he had received effective assistance of counsel during the time for filing the motion for new trial.[6] The State did not file a petition for discretionary review from this order abating the case.

The trial judge held a hearing in accordance with the Court of Appeals's order abating the case. He found that the appellant (1) was not represented by counsel during the thirty-day period for filing the motion for new trial, (2) was not counseled regarding his right to file a motion for new trial, (3) sufficiently rebutted the presumption that he was effectively represented during that time, and (4) did not receive effective assistance of counsel during that time.

On July 18, 2002, the Court of Appeals issued its second order abating this case. It held that, based on the trial court's findings, the appellant was denied his right to counsel during the time for filing a motion for new trial.[7] The Court of Appeals also presumed that the appellant was prejudiced by the denial.[8] The Court abated the appeal again and remanded to the trial court to recommence the time in which to file a motion for new trial.[9] It did so "without disturbing the trial court's judgment and without relying on TEX. R.APP. P. 2." [10] It said that if the trial court grants the motion for new trial, the appellate record would be supplemented and the appeal dismissed.[11] In the event that the trial court denied the motion for new trial, the record would be supplemented, and the parties would be permitted to brief any issues related to the motion.[12]

---

1. The appellant raised three other points of error on direct appeal that were not addressed by the Court of Appeals.

2. *Smith v. State*, 990 S.W.2d 893, 895 (Tex. App.-Houston [1st Dist.] 1999).

3. *Id.* at 896.

4. *Smith v. State*, 17 S.W.3d 660, 663 (Tex. Crim.App.2000) (citing *Oldham v. State*, 977 S.W.2d 354 (Tex.Crim.App.1998)).

5. *Ibid.*

6. *Smith v. State*, No. 01–98–00371–CR, slip op. at 5 (Tex.App.-Houston [1st Dist.], delivered June 28, 2001) (not designated for publication).

7. *Smith v. State*, No. 01–98–00371–CR, slip op. at 4 (Tex.App.-Houston [1st Dist.], delivered July 18, 2002) (not designated for publication).

8. *Ibid.*

9. *Id.,* at 5.

10. *Ibid.*

11. *Ibid.*

12. *Ibid.*

On July 22, 2002, the State filed its petition for discretionary review. On October 30, 2002, we granted the State's petition. Meanwhile, on August 13, 2002, the appellant filed his motion for new trial, and on September 11, 2002, the trial judge granted the appellant's motion for new trial.

■ We conclude, as we did in *Jack v. State*,[13] that the State's attempt to appeal the double abatement procedure is an appeal from an interlocutory order. In this case, the Court of Appeals maintained jurisdiction over the case during the abatement period. No matter what the trial court decided on the appellant's motion for new trial, the case was required to be returned to the Court of Appeals.[14] Because the Court of Appeals did not dismiss the case or issue some other final order when it abated the case, the State's appeal is an interlocutory one.

■ We do not ordinarily review interlocutory decisions. We dismiss the State's petition for discretionary review and remand the case to the Court of Appeals for further proceedings.

---

**13.** No. 413–02, slip op. at 10, 2004 WL 574533, —— S.W.3d ——, —— (Tex.Crim.App. delivered Mar. 24, 2004).

**14.** *See id.,* slip op. at 9, —— S.W.3d at ——. *Cf. Price v. State,* 826 S.W.2d 947, 948 (Tex. Crim.App.1992).