

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-11-00027-CR

TRANQUILINO CORTEZ                                                    APPELLANT

V.

THE STATE OF TEXAS                                                         STATE

----------

## FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

On January 13, 2011, a jury convicted Appellant Tranquilino Cortez of one count of aggravated sexual assault of a child under fourteen years of age and two counts of indecency with a child by contact. The jury assessed his punishment at eighteen years' confinement for the aggravated sexual assault of a child under fourteen years of age and five years' confinement for each indecency count. The trial court sentenced him accordingly. Appellant timely filed a notice of appeal. On November 4, 2011, we abated this case and remanded it to the trial court so that the trial court could hold a hearing on

---

[1]See Tex. R. App. P. 47.4.

Appellant's motion for new trial. We stated in our order that we would dismiss the appeal if the trial court granted the motion for new trial.[2]

We have received the supplemental record. The record shows that the State agreed to the granting of a new trial, the dismissal of the indecency counts, and the reduction of the sentence on the aggravated sexual assault of a child count to five years in exchange for Appellant's guilty plea and waiver of all rights to an appeal. The trial court granted the new trial, and on the same day, the trial court convicted and sentenced Appellant according to the new plea bargain.

Because the trial court granted Appellant's motion for new trial, making any appeal from the original judgment moot,[3] and because Appellant has not filed a notice of appeal from the new judgment,[4] we dismiss this appeal.[5]

LEE ANN DAUPHINOT
JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: January 12, 2012

[2]*See* Tex. R. App. P. 21.9(b); *Smith v. State*, 131 S.W.3d 502, 504 (Tex. Crim. App. 2004) (noting that the First Court of Appeals had dismissed appeal after new trial was granted on abatement).

[3]*See* Tex. R. App. P. 21.9(b); *Waller v. State*, 931 S.W.2d 640, 643–44 (Tex. App.—Dallas 1996, no pet.).

[4]*See* Tex. R. App. P. 25.2(b), 27.1(b); *Franks v. State,* 219 S.W.3d 494, 497 (Tex. App.—Austin 2007, pet. ref'd).

[5]*See* Tex. R. App. P. 43.2(f).