02-11-027-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 


 
 
 Tranquilino Cortez
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

----------

FROM Criminal
District Court No. 2 OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

On January
13, 2011, a jury convicted Appellant Tranquilino Cortez of one count of
aggravated sexual assault of a child under fourteen years of age and two counts
of indecency with a child by contact.  The jury assessed his punishment at
eighteen years’ confinement for the aggravated sexual assault of a child under
fourteen years of age and five years’ confinement for each indecency count. 
The trial court sentenced him accordingly.  Appellant timely filed a notice of
appeal.  On November 4, 2011, we abated this case and remanded it to the trial
court so that the trial court could hold a hearing on Appellant’s motion for
new trial.  We stated in our order that we would dismiss the appeal if the
trial court granted the motion for new trial.[2]

We
have received the supplemental record.  The record shows that the State agreed
to the granting of a new trial, the dismissal of the indecency counts, and the
reduction of the sentence on the aggravated sexual assault of a child count to
five years in exchange for Appellant’s guilty plea and waiver of all rights to
an appeal.  The trial court granted the new trial, and on the same day, the trial
court convicted and sentenced Appellant according to the new plea bargain.

Because
the trial court granted Appellant’s motion for new trial, making any appeal
from the original judgment moot,[3] and because Appellant has
not filed a notice of appeal from the new judgment,[4]
we dismiss this appeal.[5]

 

LEE ANN DAUPHINOT
JUSTICE

 

PANEL: 
LIVINGSTON,
C.J.; DAUPHINOT and WALKER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  January 12, 2012









[1]See Tex. R. App. P. 47.4.





[2]See Tex. R. App. P.
21.9(b); Smith v. State, 131 S.W.3d 502, 504 (Tex. Crim. App. 2004)
(noting that the First Court of Appeals had dismissed appeal after new trial
was granted on abatement).





[3]See Tex. R. App. P.
21.9(b); Waller v. State, 931 S.W.2d 640, 643–44 (Tex. App.—Dallas 1996,
no pet.).





[4]See Tex. R. App. P.
25.2(b), 27.1(b); Franks v. State, 219 S.W.3d 494, 497 (Tex. App.—Austin
2007, pet. ref’d).





[5]See Tex. R. App. P.
43.2(f).