COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-06-00398-CR

 

 


 
 
 Christopher Garfias
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 213th
District Court OF Tarrant COUNTY

----------

OPINION
ON REMAND

----------

          In
one issue raised within his supplemental brief on the remand of this appeal
from the court of criminal appeals,[1] appellant Christopher
Garfias contends that his convictions for aggravated robbery with a deadly
weapon and aggravated assault with a deadly weapon violate his constitutional
right to be free from double jeopardy.  We affirm in part and vacate in part.

Background
Facts

          One
early morning in 2006, appellant went to a gas station store in Hurst and shot
the clerk, Shahid Shahid, four times, critically injuring him.  As a result of
that one event, a Tarrant County grand jury returned a two-count indictment
charging appellant with aggravated robbery with a deadly weapon and aggravated assault
with a deadly weapon.[2]  The indictment alleged
that appellant,

on or about the 1st day of March 2006, did

          THEN AND THERE INTENTIONALLY OR KNOWINGLY,
WHILE IN THE COURSE OF COMMITTING THEFT OF PROPERTY AND WITH INTENT TO
OBTAIN OR MAINTAIN CONTROL OF SAID PROPERTY, THREATEN OR PLACE SHAHID SHAHID
IN FEAR OF IMMINENT BODILY INJURY OR DEATH, AND THE DEFENDANT USED OR
EXHIBITED A DEADLY WEAPON, TO WIT:  A FIREARM,

          COUNT TWO:  AND IT IS FURTHER PRESENTED IN AND
TO SAID COURT THAT THE DEFENDANT IN THE COUNTY OF TARRANT AND STATE AFORESAID
ON OR ABOUT THE 1ST DAY OF MARCH, 2006, DID INTENTIONALLY OR KNOWINGLY CAUSE
BODILY INJURY TO SHAHID SHAHID BY SHOOTING HIM WITH A FIREARM AND THE
DEFENDANT DID USE OR EXHIBIT A DEADLY WEAPON DURING THE COMMISSION OF
THE ASSAULT, TO-WIT:  A FIREARM[.]  [Emphasis added.]

          Appellant’s
court-appointed counsel filed several pretrial documents but did not assert at
any point in the trial court’s proceedings that constitutional prohibitions
against double jeopardy prevented appellant from being tried for and convicted
of both offenses.  Appellant pled not guilty to both offenses, but the jury
convicted him of both of them.  After hearing additional evidence and argument,
the jury assessed his punishment at sixty years’ confinement for the aggravated
robbery conviction and imprisonment for life for the aggravated assault
conviction.[3]  The trial court
sentenced appellant in accordance with the jury’s verdict and ordered the
sentences to run concurrently.

          Appellant
appealed his convictions to this court, raising five points.  In his first two
points, he argued that the two convictions violated his federal Fifth Amendment
right to be free from double jeopardy.  In this court’s June 2008 prior opinion,
the court rejected all of appellant’s points, including his argument about
double jeopardy.  See Garfias, 2008 WL 2404268, at *1–4. 
Concerning double jeopardy, the court held, under the standard articulated by
the court of criminal appeals in Gonzalez v. State,[4]
that appellant had not preserved his complaint for our review because a
violation of double jeopardy was not clearly apparent on the face of the
record.  Garfias, 2008 WL 2404268, at *1–2.  The court concluded that
under Blockburger v. United States,[5] because aggravated
robbery and aggravated assault, as charged in the indictment, each required
proof of at least one element that the other did not, the offenses were not
subsumed within each other.  Garfias, 2008 WL 2404268, at *1–2.  After
granting appellant’s petition for discretionary review, the court of criminal
appeals vacated this court’s prior judgment and remanded the appeal.  Garfias,
2011 WL 2674848, at *3.  That court explained,

          In the course of conducting only a Blockburger
analysis, the court of appeals noted that the aggravating element of robbery
that was pled in the indictment was that the appellant “threatened or placed”
his victim “in fear of imminent bodily injury or death,” while the aggravating
element alleged for the assault was that the appellant actually “caused bodily
injury.”  . . .

          While we do not disagree with the court of appeals’s
Blockburger analysis, we disagree that such an analysis sufficiently
answers whether a double-jeopardy violation is clear from the face of the
record for purposes of error preservation under Gonzalez.

          In another Gonzales [v. State[6]]
case (different spelling), we recently explained:

          The Double Jeopardy Clause of the Fifth
Amendment, applicable to the states through the Fourteenth Amendment, protects
an accused against a second prosecution for the same offense for which he has
been previously acquitted or previously convicted.  It also protects him from
being punished more than once for the same offense in a single prosecution.
Sameness in this latter context is purely a matter of legislative intent.  With
respect to cumulative sentences imposed in a single trial, the Double Jeopardy
Clause does no more than prevent the sentencing court from prescribing greater
punishment than the legislature intended.  The traditional indicium of that
legislative intent is the so-called same elements test of Blockburger v.
United States.  According to that test, it should be presumed that the
Legislature did not regard two statutorily defined offenses to be the same so
long as each provision requires proof of a fact which the other does not.  However,
for purposes of multiple-punishment analysis, the Blockburger test is
only a tool of statutory construction—and not even an exclusive one.  An
accused may be punished for two offenses even though they would be regarded as
the same under a Blockburger analysis if the Legislature has otherwise
made manifest its intention that he should be.

          In Ex parte Ervin,[[7]]
we recognized that [t]he Blockburger test’s status as a mere rule of
statutory construction raises an inverse conclusion as well:  the Blockburger
test cannot authorize two punishments where the legislature clearly intended
only one.  Thus, even if a straightforward application of the Blockburger
test would suggest that two offenses are not the same for double jeopardy
purposes, if other indicia manifest a legislative intent that an accused not be
punished for both offenses if they occur in the course of a single transaction,
then an accused may not be punished for both offenses even if both convictions
result from a single trial. . . .

          Whether or not a double-jeopardy violation is
clearly apparent on the face of the record is, therefore, not simply a function
of a Blockburger analysis.  The court of appeals should have examined
other indicia of legislative intent as well.

Id. at
*1–2 (emphasis added) (footnotes omitted).

          Appellant
has filed a supplemental brief on remand in which he again argues that his
convictions for aggravated robbery and aggravated assault violate the
constitutional prohibition of double jeopardy.  The State has also filed a
brief upon remand, contending that appellant’s right against double jeopardy
has not been violated.

The
Preservation and Substance of Appellant’s Double Jeopardy Claim

          The
double jeopardy clause of the Fifth Amendment to the United States Constitution
provides that no person shall be subject for the same offense “to be twice put
in jeopardy of life or limb.”  U.S. Const. amend. V; see also Tex.
Const. art. I, § 14 (“No person, for the same offense, shall be twice put in
jeopardy of life or liberty, nor shall a person be again put upon trial for the
same offense, after a verdict of not guilty in a court of competent
jurisdiction.”).  A potential double jeopardy violation may be forfeited by the
defendant’s failure to assert it in the trial court.  Langs v. State,
183 S.W.3d 680, 686–87 (Tex. Crim. App. 2006).  But a double jeopardy claim “may
be raised for the first time on appeal or even for the first time on collateral
attack when the undisputed facts show the double jeopardy violation is clearly
apparent on the face of the record and when enforcement of usual rules of
procedural default serves no legitimate state interests.”  Gonzalez, 8
S.W.3d at 643 (footnotes omitted).

          “There
are three distinct types of double jeopardy claims:  (1) a second prosecution
for the same offense after acquittal; (2) a second prosecution for the same
offense after conviction; and (3) multiple punishments for the same offense.”  Langs,
183 S.W.3d at 685; see Bigon v. State, 252 S.W.3d 360, 369 (Tex. Crim.
App. 2008).  A multiple punishments violation of double jeopardy, which
appellant asserts in this appeal, may arise in two situations:  (1) the
lesser-included offense context, in which the same conduct is punished twice (once
for the basic conduct, and a second time for that same conduct plus more); and (2) punishing
the same criminal act twice under two distinct statutes when the legislature
intended the conduct to be punished only once.  Langs, 183 S.W.3d at 685. 
The ultimate question is whether the legislature intended to impose multiple
punishments.  Id. at 688; see Missouri v. Hunter, 459 U.S. 359,
366, 103 S. Ct. 673, 678 (1983) (“With respect to cumulative sentences imposed
in a single trial, the Double Jeopardy Clause does no more than prevent the
sentencing court from prescribing greater punishment than the legislature
intended.”).  In our prior opinion in this appeal, through our analysis and
holding under Blockburger, we implied that appellant did not suffer
double jeopardy under the lesser-included offense context, but as the court of
criminal appeals explained, we did not adequately address whether appellant had
been punished for the same criminal act under two distinct statutes when the
legislature intended the conduct to be punished only once.

          In
Gonzales, the court of criminal appeals explained that to determine the
legislature’s intent of whether a defendant may be convicted of two offenses
that arise from the same criminal transaction, courts may consider

whether the offenses[’] provisions are contained within
the same statutory section, whether the offenses are phrased in the
alternative, whether the offenses are named similarly, whether the offenses
have common punishment ranges, whether the offenses have a common focus (i.e.
whether the “gravamen” of the offense is the same) and whether that common
focus tends to indicate a single instance of conduct, . . . and whether there
is legislative history containing an articulation of an intent to treat the
offenses as the same or different for double jeopardy purposes.

304
S.W.3d at 846 (quoting Ervin, 991 S.W.2d at 814); see also Bigon,
252 S.W.3d at 371 (discussing the Ervin factors in determining that
convictions for felony murder and intoxication manslaughter for the death of
one individual in one incident violated double jeopardy).

          In
Gonzales and other cases, the court of criminal appeals has indicated
that the focus, or gravamen, of the crimes at issue is the best signal to
determine whether the legislature intended to punish one incident through
multiple convictions.  See Harris v. State, 359 S.W.3d 625, 630 (Tex.
Crim. App. 2011); Gonzales, 304 S.W.3d at 848.  Aggravated robbery and
aggravated assault share a common focus.  A person commits robbery under
section 29.02 of the penal code if, in the course of committing theft and with
intent to obtain or maintain control of property, he (1) intentionally,
knowingly, or recklessly causes bodily injury to another; or (2) intentionally
or knowingly threatens or places another in fear of imminent bodily injury. 
Tex. Penal Code Ann. § 29.02(a) (West 2011).  Robbery may become aggravated
robbery by adding the fact that the person used or exhibited a deadly weapon.  Id.
§ 29.03(a)(2).  The court of criminal appeals has concluded that the gravamen
of robbery offenses, including aggravated robbery, is the defendant’s
assaultive conduct.  See Jones v. State, 323 S.W.3d 885, 889 (Tex. Crim.
App. 2010); Ex parte Hawkins, 6 S.W.3d 554, 560 (Tex. Crim. App. 1999); Rohlfing
v. State, 612 S.W.2d 598, 602 (Tex. Crim. App. [Panel Op.] 1981)
(explaining that the “current penal code robbery offenses are assaultive in
nature”).  This makes sense because the types of conduct described in section
29.02 match, nearly word for word, two of the three ways that a person may
commit assault under section 22.01.  See Tex. Penal Code Ann. § 22.01(a)(1)–(2)
(West 2011).  Like robbery’s elevation to aggravated robbery, assault under
section 22.01(a) may become aggravated assault by adding that the defendant
used or exhibited a deadly weapon.  Id. § 22.02(a)(2).

          The
closeness of the relationship between aggravated robbery and aggravated assault
is illustrated by the fact that under various circumstances, aggravated robbery
may contain all of the elements of aggravated assault.  A person may
commit aggravated assault by (1) intentionally or knowingly causing bodily
injury to another and (2) using or exhibiting a deadly weapon during the
commission of the assault.  See id. §§ 22.01(a)(1), .02(a)(2).  A person
may commit aggravated robbery by engaging in those same two acts while
committing theft and having the intent to obtain or maintain control of the
property.  Id. §§ 29.02(a)(1), .03(a)(2).  Similarly, a person may
commit aggravated assault by (1) intentionally or knowingly threatening another
with imminent bodily injury and (2) using or exhibiting a deadly weapon
during the commission of the assault.  See Tex. Penal Code Ann. §§
22.01(a)(2), .02(a)(2). A person may commit aggravated robbery by engaging in
those same two acts while committing theft and having the intent to obtain or
maintain control of the property.  Id. §§ 29.02(a)(2), .03(a)(2).  For
these reasons, aggravated assault may be, under proper circumstances, a
lesser-included offense of aggravated robbery.  See Girdy v. State, 213
S.W.3d 315, 319 (Tex. Crim. App. 2006) (concluding that if “the prosecution, in
proving the elements of one charged offense, also necessarily proves
another charged offense, then that other offense is a lesser-included offense”);
Smith v. State, 131 S.W.3d 502, 503 (Tex. Crim. App. 2004) (“The
appellant was charged with aggravated robbery.  In October 1996, he pleaded
guilty to the lesser-included offense, aggravated assault.”); see also
Tex. Code Crim. Proc. Ann. art. 37.09 (West 2006) (stating that an offense is a
lesser-included offense if it is “established by proof of the same or less than
all the facts required to establish the commission of the offense charged”).  Two
offenses are the same for double jeopardy purposes if one offense contains all
of the elements of the other.  Zuliani v. State, 353 S.W.3d 872, 872
(Tex. Crim. App. 2011).

          It
is true that by the way the State charged the offenses in this case, aggravated
assault was not a lesser-included offense of aggravated robbery, and as
explained in our prior opinion, the offenses were therefore not the same under Blockburger. 
But the facts that the State proved to obtain its aggravated assault
conviction (that appellant intentionally or knowingly caused bodily injury to
Shahid and used or exhibited a deadly weapon) would have been sufficient to
also obtain an aggravated robbery conviction by only adding the facts of
committing theft and having the intent to obtain or maintain control of the
property, which is required for aggravated robbery in any event.  The fact that
double jeopardy principles would have presumptively precluded multiple
punishments under the facts of this case (absent a clear expression of
legislative intent otherwise) for aggravated robbery and aggravated assault if
those offenses were charged in other ways supported by the evidence indicates
to us that double jeopardy should likewise prevent multiple punishments even
though the offenses were carefully charged through a method that avoided
offending Blockburger.  See Littrell v. State, 271 S.W.3d 273,
278 (Tex. Crim. App. 2008) (“Because aggravated robbery as pled in Count Two of
the appellant’s indictment is a lesser-included offense of felony murder as
pled in Count One, the presumption applies that they constitute the same
offense for double-jeopardy purposes.”); Quintanilla v. State, 40 S.W.3d
576, 579 (Tex. App.—San Antonio 2001, pet. ref’d) (“[I]f all the elements of
one statutory offense are contained within the other, it is presumed that the
two offenses are the same and that the Legislature did not intend to authorize
punishment for both.”).  In other words, we conclude that the similarity of how
aggravated assault and aggravated robbery could have been charged under the
evidence in this case—as both containing the element of bodily injury or both
containing the element of the threat of imminent bodily injury—weighs in favor
of a conclusion that the legislature did not intend, in such circumstances, for
the offenses to be punished multiply.

          We
understand that the types of assault that respectively underlie counts one and
two of the indictment in this case, assault by threat and assault causing
bodily injury, are not manners and means of committing assault but are altogether
different offenses.  See Landrian v. State, 268 S.W.3d 532, 540 (Tex.
Crim. App. 2008); Dolkart v. State, 197 S.W.3d 887, 893 (Tex. App.—Dallas
2006, pet. ref’d) (explaining that in part because bodily injury assault is a
“result of conduct” offense and assault by threat is a “nature of conduct”
offense, the jury was required to unanimously agree about whether bodily injury
assault or assault by threat supported a single aggravated assault conviction);
Marinos v. State, 186 S.W.3d 167, 174 (Tex. App.—Austin 2006, pet. ref’d)
(holding similarly); see also Woodard v. State, 294 S.W.3d 605, 608
(Tex. App.—Houston [1st Dist.] 2009, pet. ref’d) (“Like the assault statute,
the robbery statute provides two separate, underlying robbery offenses—robbery
causing bodily injury and robbery by threat.”).  We recognize that courts of
appeals have used this rationale to hold that when the types of assault occur
through separate acts, two convictions for assault-related offenses (included
aggravated robbery) may be obtained.  See, e.g., Marcotte v. State, No. 07-01-00418-CR,
2003 WL 103139, at *1–2 (Tex. App.—Amarillo Jan. 10, 2003, no pet.) (not
designated for publication) (holding that the defendant was properly convicted
of two counts of aggravated assault when he pointed a gun at a woman, drove
away, and later came back and shot it at her); Renteria v. State, Nos.
11-02-00062-CR, 11-02-00063-CR, 2002 WL 32344565, at *1–2 (Tex. App.—Eastland
Aug. 15, 2002, no pet.) (not designated for publication) (holding that the
defendant was properly convicted for two counts of aggravated assault when he threatened
his girlfriend by shoving the muzzle of a shotgun into her mouth and later caused
bodily injury by striking her in the face with the butt of the shotgun).

          We
cannot fathom, however, that under the circumstances of this case, the
legislature would intend to punish one continuous assaultive act under multiple
assault-related offenses.  Cf. Bigon, 252 S.W.3d at 372 (“[I]t is hard
to fathom that the legislature intended for one drunk-driving accident to
result in multiple homicide convictions for each victim.”).  For example, we
cannot imagine that if a person committed one uninterrupted act of slowly rearing
back with a closed fist and punching someone, the legislature would intend for
the person to be convicted of both causing-bodily-injury assault, which is typically
a Class A misdemeanor under section 22.01(a)(1) of the penal code, and
threatening-another-with-imminent-bodily-injury assault, which is typically a
Class C misdemeanor under section 22.01(a)(2).  See Tex. Penal Code Ann.
§ 22.01(a)(1)–(2), (b), (c).  In such a case, the act of slowly rearing back,
although possibly threatening, is a “step[] along the way” of committing causing-bodily-injury
assault.  See Lopez v. State, 108 S.W.3d 293, 300 n.28 (Tex.
Crim. App. 2003).  And we have held as much in a case in which the facts and
legal issues were similar to those in this case.  See Naji v. State, No.
02-06-00260-CR, 2007 WL 1266872, at *1–3 (Tex. App.—Fort Worth Apr. 26, 2007,
pet. ref’d) (mem. op., not designated for publication).  Naji had pointed a gun
at the victim, Lusk, before (and apparently after) shooting it at him.  Id.
at *1–2.  The grand jury indicted him for aggravated robbery by threat and
aggravated assault by causing bodily injury, and a jury convicted him for those
offenses.  Id.  On appeal, he argued that punishment for the same
conduct of using the gun to threaten bodily injury and to cause bodily injury violated
double jeopardy.  Id. at *2.  We agreed, stating,

          The Texas Court of Criminal Appeals has held
that “[r]obbery is a form of assault.”  The gravamen of robbery is the
assaultive conduct and not the theft.  The allowable unit of prosecution is the
complainant.  Because robbery is an assaultive offense, there is no robbery
without an assault.  Consequently, the aggravated assault in this case was a
necessary part of the aggravated robbery.

          . . . .

          In the case now before this court, aggravated
robbery was the goal.  When Appellant shot Lusk, he did so in furtherance of
that goal.  The shooting was just a “step along the way.”  The State cannot
create two separate offenses by pleading use and exhibition of a firearm in the
robbery and shooting with a firearm as separate offenses.

Id. at
*2–3 (footnotes omitted).

          We
are not compelled to depart from our holding in Naji, in part because
our reasoning in that case has support from the rationale of holdings of the
court of criminal appeals related to other crimes.  For instance, in Lopez,
a case in which the defendant had been convicted of delivering (by offering to
sell) and possessing while intending to deliver the same cocaine, that court
held that a defendant could not be convicted of “several ‘delivery’ convictions
where there is only one single sale of one drug.”  108 S.W.3d at 300.  The
court reasoned that the two convictions violated double jeopardy “because the
steps in this single drug transaction were all ‘the result of the original
impulse,’ and therefore each step was not a ‘new bargain.’”  Id. at 301
(quoting Blockburger, 284 U.S. at 303, 52 S. Ct. at 181).[8] 
The court also opined that the State’s position—that a defendant could be
convicted for each act of negotiating to sell drugs, possessing the drugs with
intent to deliver them, and delivering them—did not “comport with common
sense.”  Id. at 297.

          Similarly,
in Patterson v. State, the defendant had been convicted of aggravated
sexual assault, indecency with a child by contact, and indecency with a child
by exposure.  152 S.W.3d 88, 89 (Tex. Crim. App. 2004).  Although the court of
criminal appeals did not decide the case on the basis of double jeopardy, it
held that the defendant’s conviction for indecency with a child by exposure
could not stand, reasoning,

While it is clear from the plain language of the various
statutes that the legislature intended harsh penalties for sexual abuse of
children, there is nothing in the language to suggest that it intended to
authorize “stop-action” prosecution. . . .

          In this case, there were two essentially
identical assaults, separated by a short period of time.  On both occasions,
appellant exposed his genitals and penetrated the complainant’s anus. . . .  The
record in this case does not show an occasion during the assaults when the
exposure was a separate offense.  Under the facts of these incidents, exposure
was incident to and subsumed by the aggravated sexual assault.

Id. at
92.  Similarly to the facts in Patterson, we conclude that the threat of
appellant’s pointing the gun at Shahid was necessary to, incident to, and subsumed
by appellant’s causing bodily injury to Shahid by shooting him.[9] 
See id.; see also Meine v. State, 356 S.W.3d 605, 610 (Tex. App.—Corpus
Christi 2011, pet. ref’d) (mem. op.) (“The act of pointing the gun with intent
to kill, without facts negating appellant’s intent to threaten the complainants
with imminent bodily injury, leads us to conclude that the element of threat—an
intention to cause apprehension of imminent bodily injury—is subsumed by
pointing the gun at them.”); Barnes v. State, 165 S.W.3d 75, 88 (Tex.
App.—Austin 2005, no pet.) (holding that the defendant had been subjected to
double jeopardy for multiple aggravated sexual assault convictions because genital-to-genital
contact in the course of penile penetration was subsumed in the act of
penetration).

          We
recognize that some of the factors discussed in Gonzales weigh in favor
of a conclusion that the legislature intended multiple punishments for
aggravated robbery and aggravated assault, at least under some circumstances. 
Aggravated assault and aggravated robbery are not contained in the same statutory
section, are not phrased in the alternative, are not named similarly (aside
from both being aggravated offenses), and have overlapping, but not identical
punishment ranges.  See Gonzales, 304 S.W.3d at 846; see also
Tex. Penal Code Ann. §§ 22.02(b), 29.03(b).  But for the reasons expressed
above, we conclude that the legislature could not have intended multiple
punishments for aggravated robbery and aggravated assault under the indictment
and evidence in this case.

          We
hold that the undisputed facts show a double jeopardy violation that is clearly
apparent on the face of the record, and we also hold that the enforcement of
usual rules of procedural default serves no legitimate state interests in this
case.  See Gonzalez, 8 S.W.3d at 643.  We sustain the issue raised
within appellant’s supplemental brief on remand.

          When
a defendant is subjected to two punishments for the same conduct, the remedy is
to affirm the conviction for the most serious offense and vacate the other
conviction.  Bigon, 252 S.W.3d at 372.  The most serious offense is the
offense in which the greatest sentence was assessed.  Id. at 373; Ex
parte Cavazos, 203 S.W.3d 333, 338 (Tex. Crim. App. 2006).  Therefore, we
must affirm appellant’s conviction for aggravated assault with a deadly weapon,
for which he received a life sentence, and vacate his conviction for aggravated
robbery with a deadly weapon, for which he received a sentence of sixty years’
confinement.  See Cavazos, 203 S.W.3d at 338.

Conclusion

          Having
sustained appellant’s issue in his supplemental brief, we affirm his conviction
for aggravated assault with a deadly weapon and vacate his conviction for
aggravated robbery with a deadly weapon.

 

 

 

TERRIE LIVINGSTON
CHIEF JUSTICE

 

PANEL: 
LIVINGSTON,
C.J.; GARDNER and WALKER, JJ.

 

PUBLISH

 

DELIVERED:  August 9, 2012









[1]See Garfias v. State,
No. PD-1323-08, 2011 WL 2674848, at *3 (Tex. Crim. App. June 29, 2011) (not
designated for publication) (reversing Garfias v. State, No. 02-06-00398-CR,
2008 WL 2404268, at *1 (Tex. App.—Fort Worth June 12, 2008) (mem. op., not
designated for publication)).  Two justices from the panel of our prior opinion
in this appeal, including that opinion’s author, no longer serve on this court
as elected justices.





[2]See Tex. Penal Code
Ann. §§ 22.02(a)(2), 29.03(a)(2) (West 2011).





[3]A prior felony conviction,
which had been described by a repeat offender notice that appellant pled true
to, enhanced both of these sentences.  See Tex. Penal Code Ann. §
12.42(b), (c) (West Supp. 2012).





[4]8 S.W.3d 640, 643 (Tex.
Crim. App. 2000).





[5]284 U.S. 299, 304, 52 S.
Ct. 180, 182 (1932).





[6]304 S.W.3d 838, 845–46
(Tex. Crim. App. 2010).





[7]991 S.W.2d 804, 807 (Tex.
Crim. App. 1999).  The issue in Ervin was whether a defendant could be
convicted for intoxication manslaughter and manslaughter when only one person
had died.  Id. at 805–06.  Although the relevant statutes were not the
“same” under Blockburger, the court of criminal appeals nonetheless held
that the defendant’s two convictions under the statutes violated double
jeopardy.  Id. at 806, 814, 817.  The court reasoned, in part, that “manslaughter
and intoxication manslaughter have a common focus:  the death of an individual.
 Both crimes are result of conduct crimes with death being the result.”  Id.
at 816.





[8]The court in Lopez
compared the facts in that case with facts of an aggravated sexual assault case
in which the court had held that different sexual acts that occurred in the
same transaction could support multiple convictions.  See id. at 300
n.28 (citing Vick v. State, 991 S.W.2d 830, 833 (Tex. Crim. App. 1999)).





[9]We may look to the
evidence at trial to determine what instances of conduct are jeopardy-barred.  See
Ex parte Goodbread, 967 S.W.2d 859, 861 (Tex. Crim. App. 1998).  The State
does not argue that the evidence establishes  any threat made by appellant
apart from his pointing the gun at Shahid during the shooting.  Shahid
testified that he and appellant were “face to face,” that Shahid asked
appellant not to shoot him, and that appellant did not listen and shot four
times.  Shahid indicated that he did not have an argument with appellant before
appellant shot him.