

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-11-00290-CR

RAYMOND NIETO, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 222nd District Court
Deaf Smith County, Texas
Trial Court No. CR-101-108, Honorable Roland D. Saul, Presiding

July 3, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Raymond Nieto, Jr. appeals from his jury conviction of the felony offense of aggravated robbery and the resulting sentence of forty years of imprisonment. Through one issue, appellant contends the trial court abused its discretion in admitting evidence of an extraneous felony offense. We will affirm.

Background

Appellant was charged by indictment with aggravated robbery.[1]  The State offered the testimony of several police officers to establish appellant, along with three other people, took a Jeep from the victim.  In the course of the theft, which occurred in Hereford, Texas, one of them hit the victim on the head with a beer bottle, injuring him.  Appellant maintained he never drove the victim's Jeep, did not hit the victim with the bottle, and was merely a passenger in the car with his friends.

Evidence was also admitted showing appellant and his three friends stole a white Chevrolet truck in Lubbock later the same afternoon.  Appellant complains on appeal of the admission of evidence of that theft, during the guilt-innocence phase of trial.

Analysis

Evidence showed that appellant and his three friends committed the robbery in Hereford around 12:30 or 1:00 in the afternoon, and that they abandoned the Jeep in Lubbock about 5:30 that afternoon after the Jeep had run out of gas.  The four left the Jeep at a convenience store and took the Chevrolet truck from the same store.  They returned to Hereford in the truck, where a security camera at a Hereford convenience store recorded their presence later that day. Appellant objected to the admission of any evidence of their theft of the Chevrolet truck.  He asserted several bases for his objection, including Rules of Evidence 404(b) and 403.  The parties argued the issue at length.  The State argued the evidence was admissible under several theories of law.

---

[1] Tex. Penal Code Ann. § 29.03 (West 2011).

After reviewing case law and hearing argument, the trial court permitted the admission of evidence of the circumstances surrounding appellant's charge for "unauthorized use of a motor vehicle (theft of a motor vehicle),"[2] the Chevrolet truck, finding it to be "same transaction contextual evidence" with the evidence of the Hereford robbery, and finding it admissible to show intent, knowledge and motive under Rule 404(b). The court also found the evidence admissible under section 31.03(c)(1)[3] of the Penal Code. Because we find the admissibility of the evidence under Rules 404(b) and 403 is dispositive of appellant's issue on appeal, we do not address the other possible bases for its admission.

Rule 404(b) provides:

> Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon timely request by the accused in a criminal case, reasonable notice is given in advance of trial of intent to introduce in the State's case-in-chief such evidence other than that arising in the same transaction. Tex. R. Evid. 404(b).

Under Rule 403, otherwise relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." Tex. R. Evid. 403. A trial court, when undertaking a Rule 403 analysis, must balance (1) the inherent probative force of the proffered evidence along with (2) the proponent's need for that evidence against (3) any tendency

---

[2] Tex. Penal Code Ann. § 31.07 (West 2012).

[3] Tex. Penal Code Ann. § 31.03(c)(1) (West 2012).

3

of the evidence to suggest decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted. These factors may blend together in practice. *Newton v. State*, 301 S.W.3d 315, 319 (Tex App.—Waco 2009, pet. ref'd) (*quoting Gigliobianco v. State*, 210 S.W.3d 637, 641-42 (Tex.Crim.App. 2006) (footnote omitted)).

We review the trial court's determination under Rules 404(b) and 403 for an abuse of discretion. *Mozon v. State*, 991 S.W.2d 841, 847 (Tex.Crim.App. 1999); *Lane v. State*, 933 S.W.2d 504, 519 (Tex.Crim.App. 1996).

The theft of the vehicle in Lubbock was accomplished by the same four individuals who, hours before, robbed the victim in Hereford of his Jeep. The nature and extent of appellant's involvement in the Hereford robbery were placed at issue in trial of that offense. Appellant emphasizes on appeal that robbery is an assaultive offense. *See Jones v. State,* 323 S.W.3d 885, 889 (Tex.Crim.App. 2010); *Garfias v. State,* 381 S.W.3d 626, 631 (Tex.App.—Fort Worth 2012, pet. ref'd) (the gravamen of robbery offenses is the defendant's assaultive conduct). While that may be true, the State nonetheless was required to prove appellant acted in Hereford in the course of committing theft and with an intent to obtain or maintain control of the victim's property. Tex. Penal Code Ann. §§ 29.02, 29.03 (West 2011). We see no abuse of discretion in the trial court's conclusion that appellant's involvement in the later theft in Lubbock was relevant evidence of the intent with which he participated in the events in Hereford.

4

That appellant was charged in another vehicle theft occurring the same day also served to rebut his defensive theory that he was merely along for the ride with his friends. *See Moses v. State,* 105 S.W.3d 622, 626 (Tex.Crim.App. 2003) (rebuttal of a defensive theory is one of permissible purposes for which relevant evidence may be admitted under Rule 404(b)).

Turning to the application of Rule 403, we note the similarity of the Lubbock offense to that for which appellant was on trial here weighs in favor of admissibility of the extraneous offense. The evidence required to prove the extraneous offense consisted of two witnesses, the store clerk and the owner of the Chevrolet truck. The short time it took to prove the extraneous offense also weighs in favor of its admissibility. Third, the State needed evidence of the extraneous offense to prove appellant's intent in committing the aggravated robbery because, as noted, appellant minimized his involvement with the Jeep. He contested the State's evidence throughout trial, asserting he was only present in the vehicle with his friends. The extraneous offense evidence tended to show appellant's intent at the time the Hereford victim was hit with a beer bottle was more than an intent to commit an assaultive offense. This also weighs in favor of admitting evidence of the extraneous offense. Finally, the extraneous offense evidence had little potential to confuse, distract or suggest to the jury a decision on an irrational basis. The court's charge to the jury included a limiting instruction to the jury that it could not consider extraneous offenses for any purpose other than in determining the intent, motive, or knowledge of appellant in connection with the charged offense. We generally presume the jury follows the trial court's instructions in the manner presented. *Colburn v. State,* 966 S.W.2d 511, 520 (Tex.Crim.App. 1998).

5

Because the trial court reasonably could have found the extraneous offense evidence admissible under Rules 404(b) and 403, it did not abuse its discretion by admitting it. We overrule appellant's sole issue and affirm the judgment of the trial court.


James T. Campbell
Justice


Do not publish.