**Vincent Goree WOODARD, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 01–08–00304–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

May 21, 2009.

---

**2.** We note that the clerk's record bears the trial-court case number 2005–35383, rather than 2005–35383–A.

Perry R. Stevens, Angleton, TX, for Appellant.

Jeri Yenne, Criminal District Attorney, Jon Lawson Hall, Criminal District Attorney, Angleton, TX, for Appellee.

Panel consists of Chief Justice RADACK and Justices ALCALA and HANKS.

## OPINION

SHERRY RADACK, Chief Justice.

A jury convicted appellant, Vincent Goree Woodard, of aggravated robbery and assessed punishment at 50 years' confinement and a $10,000 fine. In a single issue on appeal, appellant contends that the trial court erred in charging the aggravating elements of the offense in the disjunctive, thereby violating appellant's constitutional right to a unanimous verdict. We affirm.

## BACKGROUND

On July 25, 2007, appellant and Eddie Johnson entered the home of T.B., an 85–year–old woman. The men pulled T.B. from the bed, beat her, tied her to a chair, and hit her on the head with a hammer. Appellant and Johnson then ransacked T.B.'s home before fleeing with her pick-up truck, her purse, and her prescription medicines. T.B. eventually freed herself, called the police, and gave them a description of her assailants.

Soon thereafter, Sergeant Wallace of the Brazoria County Sheriff's Office saw a truck matching the description of T.B.'s pick-up run a red light. When Wallace attempted to stop the pick-up, the driver sped away. Several police units joined in the chase. Appellant, who was driving the pick-up, eventually drove into a muddy field. The passenger, Eddie Johnson, jumped out of the truck and was apprehended. After police shot out the tires of the truck, appellant was forcibly removed from the truck and arrested. When police searched appellant incident to his arrest, they discovered T.B.'s prescription medicine in his pocket.

## CHARGING AGGRAVATING FACTORS IN THE DISJUNCTIVE

In his sole point of error, appellant contends the trial court violated his constitutional right to a unanimous verdict by disjunctively submitting the aggravating factors of the aggravated robbery statute to the jury. Specifically, appellant argues that each aggravating factor of the aggravated robbery statute charges a separate offense, thereby requiring a unanimous verdict.

*The Aggravated Robbery Statute*

Appellant was charged with aggravated robbery. The aggravated robbery statute provides as follows:

(a) A person commits an offense if he commits robbery as defined in Section 29.02, and he:

(1) causes serious bodily injury to another;

(2) uses or exhibits a deadly weapon; or

(3) causes bodily injury to another person or threatens or places another person in fear of imminent bodily injury or death, if the other person is:

(A) 65 years of age or older;  or

(B) a disabled person.

(b) An offense under this section is a felony of the first degree.

Tex. Penal Code Ann. § 29.03(a) (Vernon 2003).  Thus, the aggravated robbery offense provides three "aggravating factors"—causing serious bodily injury, using or exhibiting a deadly weapon, or causing bodily injury to an elderly or disabled person.

*The Indictment*

The indictment in this case alleged that appellant "did then and there while in the course of committing theft of property owned by T.B., and with the intent to obtain or maintain control of said property"

(1) "recklessly cause bodily injury to T.B. by hitting T.B. with a hammer and said defendant did use or exhibit a deadly weapon, namely, a hammer, which in the manner of its use or intended use was capable of causing death or serious bodily injury;" or

(2) "cause serious bodily injury to T.B. by hitting T.B. with a hammer;" or

(3) "recklessly cause bodily injury to T.B., a person 65 years of age or older, by kicking T.B. with the defendant's foot[;]" or

(4) "recklessly cause bodily injury to T.B., a person 65 years of age or older, by hitting T.B. with the defendant's hand."

Thus, the indictment charged appellant with all three aggravating factors of the aggravated assault statute.  The first paragraph charged causing bodily injury with a deadly weapon.  Tex. Penal Code Ann. § 29.03(a)(2).  The second paragraph charged causing serious bodily injury.  Tex. Penal Code Ann. § 29.03(a)(1).  The third and fourth paragraphs charged causing bodily injury to a person 65 years of age or older, but each paragraph alleged a different manner and means.  Tex. Penal Code Ann. § 29.03(a)(3)(A).

*The Jury Charge*

The jury charge provided as follows:

Now if you find from the evidence beyond a reasonable doubt, that in Brazoria County, Texas, on or about the 25th of July, 2007, the defendant VINCENT GOREE WOODARD, did then and there, acting alone or as a party as that term has been previously defined, while in the course of committing theft of property owned by T.B., and with intent to obtain or maintain control of said property, *intentionally or knowingly or recklessly cause bodily injury to T.B. by hitting T.B. with a hammer and said defendant did use or exhibit a deadly weapon,* namely, a hammer, which in the manner of its use or intended use was capable of causing death or serious bodily injury;  or if you believe beyond a reasonable doubt that in Brazoria County Texas on or about the 25th of July, 2007, the defendant VINCENT GOREE WOODARD, did then and there, acting alone or as a party as that term has been previously defined, while in the course of committing theft of property owned by T.B., and with intent to obtain or maintain control of said property, *intentionally or knowingly cause serious bodily injury to T.B. by hitting T.B. with a hammer;* or if you believe beyond a reasonable doubt that in Brazoria County, Texas on or about the 25th of July, 2007, the defendant VINCENT GOREE WOODARD, did then and there, acting alone or as a party as that term has been previously defined, while in the course of committing theft of property owned by T.B., and with intent to obtain or maintain control of said property, *intentionally or knowingly cause bodily injury to T.B., a person 65*

*years of age or older, by kicking T.B. with the defendant's foot;* or if you believe beyond a reasonable doubt that in Brazoria County, Texas on or about the 25th of July, 2007, the defendant VINCENT GOREE WOODARD, did then and there, acting alone or as a party as that term has been previously defined, while in the course of committing theft of property owned by T.B., and with intent to obtain or maintain control of said property, *intentionally or knowingly or recklessly cause bodily injury to T.B., a person 65 years of age or older, by hitting T.B. with the defendant's hand;* then you will find the defendant guilty of the offense of Aggravated Robbery as charged in the indictment. You are instructed that your verdict must be unanimous as to the manner and means of the commission of the acts set out above.

*Application of Landrian v. State*

In *Landrian v. State,* 268 S.W.3d 532 (Tex.Crim.App.2008), the Court of Criminal Appeals considered the unanimity requirement in the context of an aggravated assault prosecution. First the court noted that the simple assault statute sets out three separate and distinctive assaultive offenses, two of which were relevant to the case—assault by bodily injury and assault by threat. *Landrian,* 268 S.W.3d at 536. *See* TEX. PENAL CODE ANN. § 22.01 (Vernon Supp. 2008). The aggravated assault statute then provides two ways to elevate a simple assault to an aggravated assault—by causing serious bodily injury or by using or exhibiting a deadly weapon. *Landrian,* 268 S.W.3d at 538. The court then stated that "aggravated assault under each distinct assaultive crime is a separate crime: aggravated assault with the underlying crime of assault by causing bodily injury and aggravated assault with the underlying crime of assault by threat." *Id.*

at 540. However, the court noted that once the underlying type of assault is defined, "the aggravating factors or elements [of the aggravated assault statute] are simply the way in which the simple assault becomes a more serious offense." *Id.* "Because the aggravated-assault statute defines two or more circumstances or factors by which the defendant's punishment for a specific criminal act is increased, the defendant may be convicted if each juror concluded that at least one of the aggravating factors or elements exist." *Id.* at 539. In other words, if the underlying assaultive crime is the same, the aggravating factors are "simply descriptions of separate means by which a single offense of assault may be committed," and unanimity on the aggravating factors is not required. *Id.*

To reach this conclusion, the Court of Criminal Appeals applied "the eighth grade grammar test," noting that the appellant (the subject) caused (the verb) bodily injury (the direct object) to one person (the complainant). *Id.* at 541. One aggravating factor was that the defendant caused serious bodily injury and the other was that he used a deadly weapon, but under both aggravating factors, the gravamen of the offense was the same. *Id.* The gravamen of the offense for aggravated assault was "causing bodily injury," which was the type of underlying assault alleged. *Id.* at 537, 541. Therefore, unanimity was not required for the aggravating factors. *Id.*

With *Landrian* in mind, we apply its lessons and reasoning to the robbery and aggravated robbery statutes. Like the assault statute, the robbery statute provides two separate, underlying robbery offenses—robbery causing bodily injury and robbery by threat. *See* TEX. PENAL CODE ANN. § 29.02(a)(1), (2) (Vernon Supp. 2008). Both the indictment and the charge

show that the underlying robbery offense involved in this case was robbery by causing bodily injury. Thus, the "gravamen of the offense" for all four paragraphs of the charge was the same. Therefore, we conclude that, as in *Landrian,* the aggravating factors in this case are simply descriptions or means by which the underlying offense of robbery by causing bodily injury can be committed. *Landrian,* 268 S.W.3d at 539. Under these circumstances, unanimity as to the aggravating factors was not required, and the jury could convict appellant of aggravated robbery if each juror concluded that at least one of the aggravating factors of section 29.03 was proved.[1]

Accordingly, we overrule appellant's sole point of error.

## CONCLUSION

We affirm the judgment of the trial court.

---

1. Furthermore, we note that the trial court instructed the jury that its "verdict must be unanimous as to the manner and means of the commission of the acts set out above." This statement, though erroneous as applied to the aggravating elements in this case, actually benefitted appellant.