**Opinion issued April 11, 2024**



**In The**

# Court of Appeals

**For The**

# First District of Texas

_____

**NO. 01-22-00923-CR**
_____

**FELIX VALE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 339th District Court**
**Harris County, Texas**
**Trial Court Case No. 1711921**

---

**MEMORANDUM OPINION**

A jury convicted appellant Felix Vale of the first-degree felony offense of aggravated sexual assault.[1] After Vale pleaded true to the allegations in an

---

[1]     *See* TEX. PENAL CODE § 22.021(a)(1)(A)(i), (a)(2)(A)(iv).

enhancement paragraph, the jury assessed Vale's punishment at eighty-two years' confinement.

In his sole issue on appeal, Vale argues that the jury charge, which submitted "various theories of aggravated sexual assault" to the jury in the disjunctive, erroneously allowed the jury to convict him on less than a unanimous verdict. We affirm.

## Background

During Winter Storm Uri in February 2021, the Houston area experienced near-record cold temperatures, and many homes and businesses lost power for prolonged periods of time. On the evening of February 16, the complainant A.F. ("Alex")[2] and his roommate, Eric, lost power. After dropping Eric's daughter off at her grandfather's house in Conroe, Alex and Eric decided to go to the Fountainhead, a local bar near their house in Spring, to spend time and warm up.

Few people had decided to venture outdoors in the cold weather, but Alex and Eric were not alone at the Fountainhead. In addition to the bartender, Vale and his friend Ariel Cordoba were also present. Vale, Eric, and Alex were all regular customers of the bar.

For several hours, the atmosphere in the bar was relaxed and congenial. The four patrons all had multiple drinks, Alex used his cell phone to play music over the

---

[2] In this opinion, we refer to the complainant by a pseudonym to protect his privacy.

2

bar's speakers, and everyone engaged in friendly conversation. However, shortly after 2:00 a.m. on February 17, Cordoba became upset and started yelling and insulting Eric's wife. Eric walked away to a different part of the bar, and Cordoba threw a shot glass at Alex, which hit him in the face. Both Vale and Cordoba then assaulted Alex with their fists, boots, and pieces of broken barstools. Cordoba also hit Alex in the head with a gun and fired a gunshot inside the bar.

Throughout the assault, Vale repeatedly yelled vulgarities and made violent threats, including a threat to sexually assault Alex by anal penetration. Surveillance footage from inside the bar showed Cordoba assisting Vale in pulling Alex's pants partially down while Alex was lying on the floor. The footage also showed Vale with his hand down Alex's pants, and Vale could be heard narrating his actions. The actual act of penetration was not visible on the footage. Eric and the bartender hid in other parts of the bar and did not directly witness this portion of this assault. Alex was unconscious for most of the assault, and he was unable to remember what had happened. Alex was severely injured, and he required multiple surgeries, including dental implants and placement of a metal plate underneath his eye.

The grand jury charged Vale with the offense of aggravated sexual assault.[3] The six-paragraph indictment read as follows:

---

[3] The grand jury also charged Vale with the offenses of aggravated assault and aggravated robbery, but those offenses were not tried in the underlying proceeding.

3

The duly organized Grand Jury of Harris County, Texas, presents in the District Court of Harris County, Texas, that in Harris County, Texas, **FELIX VALE**, hereafter styled the Defendant, heretofore on or about **February 17, 2021**, did then and there unlawfully, intentionally and knowingly cause the penetration of the anus of A.F., hereinafter called the Complainant, by placing the fingers of the Defendant in the anus of the Complainant, without the consent of the Complainant, namely, the Complainant had not consented and the Defendant knew that the Complainant was unconscious and physically unable to resist, and in the course of the same criminal episode, the Defendant used and exhibited a deadly weapon, namely a firearm.

It is further presented that in Harris County, Texas, FELIX VALE, hereafter styled the Defendant, heretofore on or about February 17, 2021, did then and there unlawfully intentionally and knowingly cause the penetration of the anus of A.F., hereinafter called the Complainant, by placing the fingers of the Defendant in the anus of the Complainant, without the consent of the Complainant, namely, the Complainant had not consented and the Defendant knew that the Complainant was unconscious and physically unable to resist, and in the course of the same criminal episode, the Defendant used and exhibited a deadly weapon, namely a boot.

It is further presented that in Harris County, Texas, FELIX VALE, hereafter styled the Defendant, heretofore on or about February 17, 2021, did then and there unlawfully intentionally and knowingly cause the penetration of the anus of A.F., hereinafter called the Complainant, by placing the fingers of the Defendant in the anus of the Complainant, without the consent of the Complainant, namely, the Complainant had not consented and the Defendant knew that the Complainant was unconscious and physically unable to resist, and in the course of the same criminal episode, the Defendant used and exhibited a deadly weapon, namely a stool.

It is further presented that in Harris County, Texas, FELIX VALE, hereafter styled the Defendant, heretofore on or about February 17, 2021, did then and there unlawfully intentionally and knowingly cause the penetration of the anus of A.F., hereinafter called the Complainant, by placing an unknown object in the anus of the Complainant, without the consent of the Complainant, namely, the Complainant had not consented and the Defendant knew that the Complainant was

4

unconscious and physically unable to resist, and in the course of the same criminal episode, the Defendant used and exhibited a deadly weapon, namely a firearm.

It is further presented that in Harris County, Texas, FELIX VALE, hereafter styled the Defendant, heretofore on or about February 17, 2021, did then and there unlawfully intentionally and knowingly cause the penetration of the anus of A.F., hereinafter called the Complainant, by placing an unknown object in the anus of the Complainant, without the consent of the Complainant, namely, the Complainant had not consented and the Defendant knew that the Complainant was unconscious and physically unable to resist, and in the course of the same criminal episode, the Defendant used and exhibited a deadly weapon, namely a boot.

It is further presented that in Harris County, Texas, FELIX VALE, hereafter styled the Defendant, heretofore on or about February 17, 2021, did then and there unlawfully intentionally and knowingly cause the penetration of the anus of A.F., hereinafter called the Complainant, by placing an unknown object in the anus of the Complainant, without the consent of the Complainant, namely, the Complainant had not consented and the Defendant knew that the Complainant was unconscious and physically unable to resist, and in the course of the same criminal episode, the Defendant used and exhibited a deadly weapon, namely a stool.

The jury charge tracked the language of the indictment and authorized the jury to convict Vale of aggravated sexual assault based on any of the six theories alleged in the indictment: (1) penetration with Vale's fingers while using or exhibiting a firearm; (2) penetration with Vale's fingers while using or exhibiting a boot; (3) penetration with Vale's fingers while using or exhibiting a stool; (4) penetration with an unknown object while using or exhibiting a firearm; (5) penetration with an unknown object while using or exhibiting a boot; or (6) penetration with an unknown object while using or exhibiting a stool. The charge also authorized the jury to

5

convict Vale based on Cordoba's actions under the law of parties for each of the six alleged theories. Thus, the charge included twelve application paragraphs set out in the disjunctive. Vale did not object to the charge on the basis that it authorized a non-unanimous verdict.

The jury found Vale guilty of the offense of aggravated sexual assault "as charged in the indictment." After Vale pleaded true to the allegations in an enhancement paragraph, the jury assessed Vale's punishment at eighty-two years' confinement. This appeal followed.

## Jury Unanimity

In his sole issue, Vale argues that the jury charge—which submitted in the disjunctive twelve application paragraphs setting out "various theories of aggravated sexual assault"—permitted the jury to convict Vale without being unanimous on all elements of the offense.

### A.    *Standard of Review and Governing Law*

We use a two-step analysis when addressing claims of jury charge error. *Alcoser v. State*, 663 S.W.3d 160, 165 (Tex. Crim. App. 2022). First, we determine whether the charge is erroneous. *Id.* If it is, then we must decide whether the erroneous charge harmed the defendant. *Id.* When, as here, the defendant does not object in the trial court to the jury charge, the record must show "egregious harm." *Id.*; *Marshall v. State*, 479 S.W.3d 840, 843 (Tex. Crim. App. 2016) ("If the

6

defendant did not timely object to the jury instructions, then reversal is required only if the error was so egregious and created such harm that the defendant did not have a fair and impartial trial.").

Charge error causes egregious harm if it "affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory." *Marshall*, 479 S.W.3d at 843; *Cosio v. State*, 353 S.W.3d 766, 777 (Tex. Crim. App. 2011). Typically, when examining the record to determine whether charge error is egregious, we consider: (1) the entirety of the jury charge itself; (2) the state of the evidence; (3) arguments of counsel; and (4) any other relevant information revealed by the entire trial record. *Marshall*, 479 S.W.3d at 843; *Cosio*, 353 S.W.3d at 777. A finding of egregious harm must be based on actual rather than theoretical harm. *Alcoser*, 663 S.W.3d at 165. This is a fact-specific analysis that is made on a case-by-case basis. *Id.*; *Marshall*, 479 S.W.3d at 843.

A criminal defendant in Texas has the right to a unanimous jury verdict on each element of the charged offense. *French v. State*, 563 S.W.3d 228, 233 (Tex. Crim. App. 2018). "Texas law requires that a jury reach a unanimous verdict about the specific crime that the defendant committed. This means that the jury must 'agree upon a single and discrete incident that would constitute the commission of the offense alleged.'" *Cosio*, 353 S.W.3d at 771 (quoting *Stuhler v. State*, 218 S.W.3d 706, 717 (Tex. Crim. App. 2007)); *Landrian v. State*, 268 S.W.3d 532, 535 (Tex.

Crim. App. 2008) ("The jury must agree that the defendant committed one specific crime."); *Ngo v. State*, 175 S.W.3d 738, 745 (Tex. Crim. App. 2005) ("Unanimity in this context means that each and every juror agrees that the defendant committed the same, single, specific criminal act."). "It is error to authorize a jury to render a guilty verdict without reaching a unanimous decision as to each element of the charged offense." *French*, 563 S.W.3d at 233.

Although the jury must unanimously agree that the defendant committed a specific crime, the jury is not required to unanimously "find that the defendant committed that crime in one specific way or even with one specific act." *Landrian*, 268 S.W.3d at 535; *Young v. State*, 341 S.W.3d 417, 422 (Tex. Crim. App. 2011) ("[T]he jury must unanimously agree about the occurrence of a single criminal offense, but they need not be unanimous about the specific manner and means of how that offense was committed."). A jury charge does not violate the requirement of jury unanimity if it "presents the jury with the option of choosing among various alternative manner and means of committing the same statutorily defined offense." *Jourdan v. State*, 428 S.W.3d 86, 94 (Tex. Crim. App. 2014) (citing *Pizzo v. State*, 235 S.W.3d 711, 715 (Tex. Crim. App. 2007)); *Ngo*, 175 S.W.3d at 745 ("The phrase 'manner or means' describes *how* the defendant committed the specific statutory criminal act."). "Therefore, different modes of commission may be presented in a jury instruction in the disjunctive when the charging instrument, in a single count,

8

alleged the different means in the conjunctive." *Jourdan*, 428 S.W.3d at 94 (quoting *Pizzo*, 235 S.W.3d at 715).

Penal Code section 22.021 provides that a person commits the offense of aggravated sexual assault of an adult if the person intentionally or knowingly:

> (1)    causes the penetration of the anus or sexual organ of another person by any means, without that person's consent;
>
> (2)    causes the penetration of the mouth of another person by the sexual organ of the actor, without that person's consent; or
>
> (3)    causes the sexual organ of another person, without that person's consent, to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor

and one or more aggravating factors—such as that the person uses or exhibits a deadly weapon in the course of the same criminal episode—exists. *See* TEX. PENAL CODE § 22.021(a)(1)(A), (a)(2); *Nickerson v. State*, 69 S.W.3d 661, 671 (Tex. App.—Waco 2002, pet. ref'd) ("Section 22.021(a)(1)(A) of the Penal Code proscribes three discrete acts which constitute the allowable units of prosecution in a case in which the victim is an adult.").

Aggravated sexual assault is a "nature of conduct" offense. *Gonzales v. State*, 304 S.W.3d 838, 847–49 (Tex. Crim. App. 2010) (stating such in context of complaint about double jeopardy).[4] In such offenses, "the act itself is the gravamen

---

4    The Court of Criminal Appeals has stated that its double-jeopardy jurisprudence is "closely intertwined" with its jury-unanimity jurisprudence, and thus when it has construed different provisions of the aggravated sexual assault statute to "carve out separate offenses for double jeopardy purposes, [it has] essentially held that they are

of the offense," and "it is the act or conduct that is punished, regardless of any result that might occur." *Young*, 341 S.W.3d at 423. The different types of conduct that are proscribed by the aggravated sexual assault statute "should ordinarily be regarded as different offenses," whether the acts are specified in different subsections of the statute or are "specified within separate and disjunctive *phrases* in the *same* subsection." *Gonzales*, 304 S.W.3d at 848–49; *see Aekins v. State*, 447 S.W.3d 270, 278 (Tex. Crim. App. 2014) ("This is true for acts violating not only different statutes, but different subsections of a single statute, and even different discretely prohibited acts within the same subsections.").

Thus, "[p]enetration of the anus constitutes a discrete act from penetration of the sexual organ, even if they occur within a short period of time." *Gonzales*, 304 S.W.3d at 849; *see Vick v. State*, 991 S.W.2d 830, 833 (Tex. Crim. App. 1999) (stating that aggravated sexual assault statute "is a conduct-oriented statute; it uses the conjunctive 'or' to distinguish and separate different conduct; and its various sections specifically define sexual conduct in ways that usually require different and distinct acts to commit"). "With 'nature of conduct' crimes, the jury must be unanimous about the specific criminal act." *Young*, 341 S.W.3d at 424.

---

separate offenses for jury unanimity purposes as well." *French v. State*, 563 S.W.3d 228, 233–34 (Tex. Crim. App. 2018) (quoting *Gonzales v. State*, 304 S.W.3d 838, 848 (Tex. Crim. App. 2010)).

In *Jourdan v. State*, one of the questions before the Court of Criminal Appeals was whether the charge given to the jury was erroneous because it authorized a conviction without determining whether the defendant penetrated the complainant's sexual organ with his own sexual organ as opposed to with his finger. *See* 428 S.W.3d at 94–96. The court noted that the relevant subsection of the aggravated sexual assault statute—the same subsection at issue in this case—"does not disjunctively specify different types of conduct." *Id.* at 95; TEX. PENAL CODE § 22.021(a)(1)(A)(i) (providing that person commits offense of aggravated sexual assault if person intentionally or knowingly "causes the penetration of the anus or sexual organ of another person by any means, without that person's consent"). Instead, the subsection "simply proscribes the same type of conduct—'penetration' (albeit of more than one statutorily specified orifice)—perpetrated 'by any means.'" *Jourdan*, 428 S.W.3d at 95.

The court then analyzed the grammatical structure of the subsection to determine the gravamen of the offense. *Id.* at 95–96. The court stated:

> Utilizing the so-called "eighth-grade grammar" test for discerning the gravamen of a given offense, we note that Section 22.021(a)(1)(A)(i) supplies a noun ("person"), a main verb ("causes") and direct object ("penetration"), plus three adverbial phrases ("of the anus or sexual organ"/"of another person"/"by any means"). Ordinarily, we have not regarded adverbial phrases as "elemental" for jury unanimity purposes. But here, the first two adverbial phrases provide a level of specificity that arguably serves to define discretely actionable units of prosecution even within the same statutory subsection. Accordingly, a defendant may be susceptible to prosecution under Section 22.021(a)(1)(A)(i) for

11

as many "persons" as he penetrated during the same transaction, and for as many statutorily delineated orifices as the evidence may show he penetrated. The last adverbial phrase in the subsection, on the other hand, is non-specific, and we agree with the State that this signals a legislative indifference to how the penetrations may be accomplished. Thus defined, the gravamen of the subsection is penetration, not the various and unspecified "means" by which that penetration may be perpetrated, which are not elemental.

*Id.* at 96 (internal citations omitted). The Court of Criminal Appeals concluded that "the penetration of a single orifice"—the complainant's sexual organ—during the same transaction "constituted but one offense under Section 22.021(a)(1)(A)(i), regardless of the various manner and means by which the evidence may show that the penetration occurred." *Id.* Therefore, the jury "was not required to reach unanimity with respect to whether" the defendant penetrated the complainant with his sexual organ or his finger during that transaction. *Id.*; *see Aekins*, 447 S.W.3d at 279 (stating that jury unanimity is required for "distinct acts" of penetrating anus or sexual organ, but unanimity is "*not* required for the different means of committing a single distinct act (e.g., penetrating the anus with the defendant's finger, mouth, or sexual organ)").

**B.       *Whether the Jury Charge Permitted a Non-Unanimous Verdict***

Here, the indictment contained six paragraphs setting out allegations that Vale committed aggravated sexual assault of Alex by intentionally and knowingly causing the penetration of Alex's anus while using or exhibiting a deadly weapon. In three paragraphs, the grand jury alleged that Vale caused the penetration of Alex's anus

by placing his fingers in Alex's anus while using or exhibiting a deadly weapon during the course of the criminal episode. These three paragraphs then differed from each other with respect to the deadly weapon allegedly used or exhibited: a firearm, a boot, or a stool. The remaining three paragraphs of the indictment alleged that Vale caused the penetration of Alex's anus by placing an unknown object in Alex's anus while using or exhibiting a deadly weapon during the course of the criminal episode. These three paragraphs again differed from each other with respect to the deadly weapon allegedly used or exhibited: a firearm, a boot, or a stool.

The jury charge contained application paragraphs corresponding to each paragraph alleged in the indictment. The charge also contained six additional application paragraphs authorizing a conviction of Vale based on Cordoba's actions under the law of parties. For example, the first two application paragraphs in the charge read as follows:

> Now, if you find from the evidence beyond a reasonable doubt that on or about the 17th day of February, 2021, in Harris County, Texas, the defendant, Felix Vale, did then and there unlawfully, intentionally or knowingly cause the penetration of the anus of A F, by placing the fingers of the defendant in the anus of A F, without the consent of A F, namely, A F had not consented and the defendant knew that A F was unconscious or physically unable to resist, and in the course of the same criminal episode, the defendant used or exhibited a deadly weapon, namely a firearm, or

> If you find from the evidence beyond a reasonable doubt that on or about the 17th day of February, 2021, in Harris County, Texas, Ariel Cordoba, did then and there unlawfully, intentionally or knowingly cause the penetration of the anus of A F, by placing [her] fingers in the

13

anus of A F, without the consent of A F, namely, A F had not consented and Ariel Cordoba knew that A F was unconscious or physically unable to resist, and in the course of the same criminal episode, Ariel Cordoba used or exhibited a deadly weapon, namely a firearm, and that the defendant, Felix Vale, with the intent to promote or assist the commission of the offense, if any, solicited, encouraged, directed, aided or attempted to aid Ariel Cordoba to commit the offense, if he did, or . . . .

The charge contained ten other application paragraphs. The other application paragraphs authorized the jury to convict Vale: (1) as a principal actor if he used his fingers to penetrate Alex and used or exhibited a boot; (2) as a party if Cordoba used her fingers to penetrate Alex and used or exhibited a boot; (3) as a principal actor if he used his fingers to penetrate Alex and used or exhibited a stool; (4) as a party if Cordoba used her fingers to penetrate Alex and used or exhibited a stool; (5) as a principal actor if he used an unknown object to penetrate Alex and used or exhibited a firearm; (6) as a party if Cordoba used an unknown object to penetrate Alex and used or exhibited a firearm; (7) as a principal actor if he used an unknown object to penetrate Alex and used or exhibited a boot; (8) as a party if Cordoba used an unknown object to penetrate Alex and used or exhibited a boot; (9) as a principal actor if he used an unknown object to penetrate Alex and used or exhibited a stool; or (10) as a party if Cordoba used an unknown object to penetrate Alex and used or exhibited a stool. The charge submitted all twelve application paragraphs in the disjunctive.

14

We agree with the State that each of the six paragraphs in the indictment alleged the same statutorily defined offense, albeit by a different manner and means. Each paragraph alleged "the penetration of a single orifice" (the anus) of a single complainant (Alex) while an aggravating factor was present (the use or exhibition of a deadly weapon) during the same transaction. *See Jourdan*, 428 S.W.3d at 96. The paragraphs differed from each other only in what was allegedly used to cause the penetration of Alex's anus (fingers or an unknown object) and in which deadly weapon was allegedly used or exhibited during the course of the criminal episode (a firearm, a boot, or a stool). The State presented evidence that only one instance of penetration occurred in the early morning hours of February 17, 2021, although it was unclear what object was used to cause the penetration. This was, therefore, not a situation in which the State presented evidence that Vale committed the charged offense of aggravated sexual assault of Alex on "multiple but separate occasions." *See Cosio*, 353 S.W.3d at 771–72 (describing different situations in which non-unanimity can occur, including when State presents evidence that defendant committed charged offense on multiple occasions, and stating that because "[e]ach of the multiple incidents individually establishes a different offense or unit of prosecution," trial court's charge must instruct jury that "its verdict must be unanimous as to a single offense or unit of prosecution among those presented").

15

We also agree with the State that the jury was not required to be unanimous on which deadly weapon Vale used or exhibited during the sexual assault. In *Landrian*, the jury charge submitted in the disjunctive two different aggravating factors that elevated the case from assault to aggravated assault: (1) the person causes serious bodily injury to another; or (2) uses or exhibits a deadly weapon during the commission of the assault. *See* 268 S.W.3d at 534. In concluding that the jury was not required to be unanimous on the aggravating factor, the Court of Criminal Appeals noted that the gravamen of the offense of aggravated assault "is the specific type of assault defined in [Penal Code] Section 22.01," such as causing bodily injury to the complainant. *See id.* at 537. Aggravated assault "increases the penalty for simple 'bodily injury' assault" if an aggravating factor is present. *Id.* at 538.

The court concluded that "simple 'bodily injury' assault is punished more severely depending upon the degree of the victim's injury or the manner in which the defendant committed the particular assault." *Id.* The Texas Legislature had "evinced no intent that jurors need be unanimous about which aggravating factor or element that they find—severity of injury or manner in which the defendant caused the injury." *Id.* at 538–39. Regardless of which aggravating factor is present, "[i]t is still the same single criminal act and still the same single bodily injury to the victim." *Id.* at 539. Thus, "[b]ecause the aggravated-assault statute defines two or more circumstances or factors by which the defendant's punishment for a specific criminal

16

act is increased, the defendant may be convicted if each juror concludes that at least one of the aggravating factors or elements exist." *Id.*; *Miranda v. State*, 391 S.W.3d 302, 310 (Tex. App.—Austin 2012, pet. ref'd) ("[A]ggravating factors that transform a sexual assault into an aggravated sexual assault, such as the assailant's use of a deadly weapon or threatening the victim with bodily harm, are only different methods or means of committing a single offense.").

Here, each of the twelve application paragraphs alleged the same aggravating factor to elevate the offense from sexual assault to aggravated sexual assault: that Vale (or Cordoba) used or exhibited a deadly weapon in the course of the same criminal episode as the sexual assault. *See* TEX. PENAL CODE § 22.021(a)(2)(A)(iv). The only difference between the application paragraphs was the deadly weapon allegedly used or exhibited: a firearm, a boot, or a stool. The application paragraphs do not set forth different offenses; rather, they set out different manner and means of committing the same offense of aggravated sexual assault in which a deadly weapon is used or exhibited. The jury was not required to be unanimous on which deadly weapon was used or exhibited during the offense. *See Miranda*, 391 S.W.3d at 311 ("[T]he jury is not required to unanimously agree about which aggravating factor is present in an aggravated sexual assault, because the various aggravating factors do not constitute distinct offenses."); *see also Pizzo*, 235 S.W.3d at 715 ("The unanimity requirement is not violated when the jury has the option of choosing

between alternative modes of commission."); *Woodard v. State*, 294 S.W.3d 605, 608–09 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd) (following *Landrian* in aggravated robbery case and holding that "unanimity as to the aggravating factors was not required").

Finally, we agree with the State that the six application paragraphs authorizing the jury to convict Vale as a principal actor and the six application paragraphs authorizing the jury to convict Vale under the law of parties are also alternate manner and means of committing one charged offense of aggravated sexual assault. The law of parties does not define the prohibited conduct that comprises a criminal offense but instead defines "conditions by which an accused may be deemed criminally responsible for the conduct of another that satisfies the elements or gravamen" of the offense. *Leza v. State*, 351 S.W.3d 344, 357 (Tex. Crim. App. 2011). When there is evidence that the defendant is guilty of every element of the charged offense— either as a principal actor or under a theory of party liability—but there is a question of the defendant's precise role in the offense, "it would be plainly absurd to require the jury to acquit the accused unless it can unanimously determine his status as a principal actor or a party and, if the latter, what his exact party accountability might be." *Id.*; *Miranda*, 391 S.W.3d at 311–12; *see also Holford v. State*, 177 S.W.3d 454, 462–63 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd) (noting that disjunctive application paragraphs allowing jury to convict defendant of capital murder as

principal actor or as party "describes a different means of committing the same act" and court was not required to instruct jury that it must unanimously agree on manner of complainant's murder).

We conclude that the twelve application paragraphs disjunctively submitted to the jury in the charge authorized the jury to convict Vale of one offense: aggravated sexual assault by penetration of Alex's anus in which a deadly weapon was used or exhibited. The different paragraphs merely set forth different means of committing the single charged offense. *See Young*, 341 S.W.3d at 422 ("[T]he jury must unanimously agree about the occurrence of a single criminal offense, but they need not be unanimous about the specific manner and means of how that offense was committed."). We hold that the trial court's jury charge did not violate Vale's right to a unanimous verdict.

We overrule Vale's sole issue.

## Conclusion

We affirm the judgment of the trial court.

April L. Farris<br>
Justice

Panel consists of Justices Goodman, Countiss, and Farris.

Do not publish. TEX. R. APP. P. 47.2(b).

19