

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

## NO. PD-0148-23

---

### JAMES EARNEST FLOYD, JR., Appellant

### v.

### THE STATE OF TEXAS

---

### ON THE COURT'S OWN MOTION FOR DISCRETIONARY REVIEW
### FROM THE SECOND COURT OF APPEALS
### TARRANT COUNTY

---

McClure, J., delivered the opinion of the Court in which Keller, P.J., and Hervey, Newell, Keel, and Slaughter, JJ., joined. Keller, P.J., filed a concurring opinion. Yeary, J., filed a concurring opinion. Richardson, J., concurred. Walker, J., filed a dissenting opinion.

## O P I N I O N

This is a jury unanimity case. We are tasked with determining whether, under Section 29.03, the specific acts of aggravated robbery Appellant committed are elements of the offense or whether they are merely the manner and means by which one of

the elements is accomplished. If they are the former, then jury unanimity is required; if they are the latter, then jury unanimity is not required. The State alleged two different methods of committing aggravated robbery in a single count—aggravated robbery by threat and aggravated robbery causing bodily injury. *See* TEX. PENAL CODE §§ 29.02; 29.03. But in order to convict someone of aggravated robbery, does the jury have to unanimously agree on whether the person committed injury-robbery or threat-robbery? No. We hold that the commission of the different variations of aggravated robbery constitute a different manner and means of committing the single offense of aggravated robbery. We affirm the court of appeals' holding that the trial court did not err in instructing the jury in the disjunctive in this case.

## BACKGROUND

i.    Facts

On March 28, 2017, Diane Porter heard a noise in her garage. She went to investigate the noise and saw her husband John fighting with an intruder (later identified as Appellant). As she approached, Appellant shot her in the stomach. Diane passed out. When she "came to", Diane saw Appellant striking John's head with the iron legs of an end table. Appellant then shot John in the back of the head.

After retrieving the Porters' debit card from John's back pocket, Appellant demanded the PIN, and Diane made up a false number. Appellant fired a shot near Diane's head, warning her that if the number didn't work, he would return to kill them. Appellant then fled in the Porters' car.

Diane was taken to the hospital. Diane identified the robber to law enforcement as a "young black man with curly hair," approximately 5'3" in height, and "kind of stocky." At the hospital, she identified Appellant as the intruder by picking his photo out of a photo spread. At trial, in open court, Diane identified Appellant as the intruder who robbed and shot her and her husband.

Appellant was charged with aggravated robbery pursuant to Texas Penal Code sections 29.02 and 29.03.

ii.    Jury Charge

In the charge, the trial court defined robbery as follows:

> A person commits the offense of robbery if, in the course of committing theft and with intent to obtain and maintain control of property of another, he intentionally or knowingly causes bodily injury to another or threatens or places another in fear of imminent bodily injury or death.

The application paragraph was written as follows:

> Now, if you find from the evidence beyond a reasonable doubt that on or about the 6th day of April, 2017, in Tarrant County, Texas, the Defendant, James Earnest Floyd, Jr., did intentionally or knowingly, while in the course of committing theft of property and with intent to obtain or maintain control of said property, threaten or place Diane Porter in fear of imminent bodily injury or death, and the Defendant used or exhibited a deadly weapon, namely a firearm; or if you find from the evidence beyond a reasonable doubt that on or about the 6th day of April, 2017, in Tarrant County, Texas, the Defendant, James Earnest Floyd, Jr., did intentionally or knowingly, while in the course of committing theft of property and with intent to obtain or maintain control of said property, cause bodily injury to another, Diane Porter, by shooting her with a firearm and the defendant used or exhibited a deadly weapon, namely a firearm, then you will find the Defendant guilty of the offense of aggravated robbery.

The charge contained the following general statement regarding unanimity: "Any verdict you render must be unanimous." The court did not separately instruct the jury that it must be unanimous on at least one of the two paragraphs charged in the aggravated robbery count. The jury found Appellant guilty of aggravated robbery and sentenced Appellant to life imprisonment.

iii.   Appeal

On appeal, Appellant argued, among other things, that the trial court failed to adequately instruct the jury that it was required to be unanimous as to whether he was guilty of aggravated robbery by threat or bodily-injury aggravated robbery.[1] Instead, Appellant continues, the general unanimity instruction allowed the jury to convict Appellant without reaching a unanimous decision regarding the act involved. That is, Appellant argues, part of the jury could have convicted him for threatening or placing Diane in fear of imminent bodily injury or death, while other jurors could have convicted him for causing bodily injury to Diane by shooting her in the stomach. Appellant relied on *Loville v. State*, No. 14-12-00297-CR (Tex. App.—Houston [14th Dist.] May 2, 2013, pet. ref'd) (not designated for publication) and *Woodard v. State*, 294 S.W.3d 605, 608 (Tex. App.— Houston [1st Dist.] 2009, pet. ref'd) to argue that aggravated robbery by causing bodily injury is a separate offense from aggravated robbery by threat.

---

[1] At trial, Appellant did not object to the jury charge. However, we will review "all alleged jury-charge error…regardless of preservation in the trial court." *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012).

The Second Court of Appeals disagreed, holding that aggravated robbery by threat and aggravated robbery bodily injury are different methods of committing a single offense and, therefore, a special unanimity instruction is not required. Reading *Cooper v. State*, 430 S.W.3d 426 (Tex. Crim. App. 2014), and *French v. State*, 563 S.W.3d 228 (Tex. Crim. App. 2018), the court below observed: "[W]hen the Court of Criminal Appeals has determined that different provisions of a statute constitute the same crime for double-jeopardy purposes (as it did in *Cooper*), the Court has essentially held that they are the same offense for purposes of jury unanimity as well." The court also declined to rely on other courts' decisions reaching the opposite conclusion because they are not binding and are distinguishable factually from the jury charge here.

iv.     Petition for Discretionary Review

In his petition for discretionary review, Appellant argues that the court of appeals' decision directly conflicts with two other courts of appeals. *See Loville,* No. 14-12 00297-CR at *28; *Woodard v. State*, 294 S.W.3d at 608. However, both of these opinions predate this Court's opinion in *Cooper*, so there is not technically a split of authority. Therefore, we granted review on our own motion to decide whether the court of appeals erred in holding that the charge did not have to include a special jury unanimity instruction requiring that the jury be unanimous as to whether appellant was guilty of aggravated robbery by threat or aggravated robbery by bodily injury.

ANALYSIS

i.     Double-Jeopardy Jurisprudence

The indictment in this case alleged that Appellant committed the offense in two ways that are embraced by Texas Penal Code §§ 29.02 and 29.03. Paragraph One charged Appellant with robbery by threat with a deadly weapon, that is: intentionally or knowingly, while in the course of committing theft of property and with intent to obtain or maintain control of said property, *threaten or place Diane Porter in fear of imminent bodily injury or death*, and the defendant used or exhibited a deadly weapon, a firearm. Paragraph Two charged Appellant with causing bodily injury with a deadly weapon, specifically: intentionally or knowingly while in the course of committing theft of property and with intent to obtain or maintain control of said property, *cause bodily injury to another*, Diane Porter, by shooting her with a firearm and the defendant used or exhibited a deadly weapon. The jury charge did not explicitly require the jury to unanimously agree upon which of these Appellant was convicted.

This Court has held that, in the context of double jeopardy claims, threat and bodily injury are different manners and means of committing the same robbery. In *Cooper*, the defendant challenged the lower court's holding that double jeopardy was not violated by his separate convictions for both aggravated robbery by causing bodily injury and aggravated robbery by threat to the same victims in a single robbery. *See Cooper*, 430 S.W.3d at 427. A five-judge lead opinion summarily held the challenged convictions violated double jeopardy. *Id.* Three judges disagreed, concluding that injury-robbery and threat-robbery are not mere manner and means, but are separate and distinct offenses. *Id.* at 440-44 (Price, J., dissenting). Our double-jeopardy jurisprudence is "closely

intertwined" with our jury-unanimity jurisprudence. *See Gonzales v. State*, 304 S.W.3d at 838, 848 (Tex. Crim. App. 2010) (noting that "double-jeopardy and jury unanimity issues constitute 'closely intertwined strands of our jurisprudence'") (quoting *Huffman v. State*, 267 S.W.3d 902, 905 (Tex. Crim. App. 2008)). By construing these disjunctive phrases in the robbery statute as alternate theories, or manner and means, of committing the same offense for double jeopardy purposes, we have essentially held that they are the same offense for jury unanimity purposes as well and either means (injury-robbery or threat-robbery) would support a single robbery conviction.

Therefore, given *Cooper*'s holding that double jeopardy was violated by the defendant's separate convictions for aggravated robbery by causing bodily injury and aggravated robbery by threat to the same victims in a single robbery, the court of appeals did not err in holding that the trial court was not required to instruct the jury that it was required to be unanimous about whether appellant was guilty of aggravated robbery by threat or bodily injury aggravated robbery. Since prosecution under the aggravated robbery provision is commonplace, we now take the opportunity to provide the rationale behind the holding in *Cooper*.

ii.    Unanimous Verdict

Under the Texas Constitution and Code of Criminal Procedure, a Texas jury must reach a unanimous verdict. *Landrian v. State*, 268 S.W.3d 532, 535 (Tex. Crim. App. 2008). The jury must agree that the defendant committed one specific crime, but this does not mean that the jury must unanimously find that the defendant committed that crime in one specific

way or even with one specific act. *Id.* at 535. A jury must unanimously agree on each element of the crime in order to convict. *Ngo*, 175 S.W.3d at 747.

There are two steps to answer in a jury unanimity challenge case. The first question we address is whether the Legislature intended to create a single offense of aggravated robbery with multiple or alternate modes of commission or multiple offenses. *See Jefferson v. State*, 189 S.W.3d 305, 312 (Tex. Crim. App. 2006) (quoting *Richardson v. United States*, 526 U.S. 813, 817-18, 119 S. Ct. 1707, 143 L. Ed. 2d 985 (1999) (courts must examine the language of a statute to determine whether a particular term in a statute is an element, which requires juror unanimity, or an underlying brute fact or means of committing an element which does not require juror unanimity)).

This Court has held that the focus or 'gravamen' of a penal provision should be regarded as the "best indicator" when it comes to determining whether the Legislature intended to define more than one offense. *See Huffman v. State*, 267 S.W.3d 902, 907 (Tex. Crim. App. 2008); *Jourdan v. State*, 428 S.W.3d 86, 95-96 (Tex. Crim. App. 2014) (explaining that in examining statutory language for legislative intent, we inquire into the 'gravamen' of the offense); *Jefferson v. State*, 189 S.W. 3d 305, 312 (Tex. Crim. App. 2006) (recognizing that this Court's prior caselaw also supports a decision that the essential element or focus of the statute is the result of the defendant's conduct and not the possible combinations of conduct that cause the result); *Ex parte Ervin*, 991 S.W.2d 804, 814 (Tex. Crim App. 1999) ("[W]hether the offenses have a common focus (i.e. whether the 'gravamen' of the offense is the same) and whether that common focus tends to indicate a single instance of conduct, .

. .")). However, as discussed below, this analysis is not always the best indicator of legislative intent when, as here, the statute contains different gravamen.

Gravamen of Robbery

A person commits robbery if, in the course of committing theft and with intent to obtain or maintain control of property, he: (1) intentionally, knowingly, or recklessly causes bodily injury to another; or (2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death. TEX. PENAL CODE § 29.02.

Robbery is an assaultive offense. *Young v. State*, 283 S.W.3d 854, 862 (Tex. Crim. App. 2009). Each unit of prosecution of the offense of robbery is the victim. *Byrd v. State*, 336 S.W.3d 242, 251, n.43 (Tex. Crim. App. 2011). Therefore, the gravamen of robbery offenses, including aggravated robbery, is the defendant's assaultive conduct against each victim. *Jones v. State*, 323 S.W.3d 885, 889 (Tex. Crim. App. 2010).

However, in *Garfias v. State*, this Court noted that the individual gravamina of aggravated robbery by threat or assault causing bodily injury differ significantly in that an assaultive offense by threat is a conduct-oriented offense, while an assaultive offense causing bodily injury is a result-oriented offense. 424 S.W.3d 54, 60 (Tex. Crim. App. 2014); *see also Landrian*, 268 S.W.3d at 540; *see also Ex parte Denton*, 399 S.W.3d 540, 546 (Tex. Crim. App. 2013) ("the gravamen of the offense of aggravated assault is the specific type of assault defined in [the Penal Code]."). The Court in *Garfias* concluded that this difference in focus results in different units of prosecution for the two offenses and

indicates that the Legislature intended to allow multiple punishments for aggravated robbery by threat and aggravated assault causing bodily injury. *Garfias*, 424 S.W.3d at 61.

Applying the distinction between the two gravamina in this case, the threat-robbery allegation in the indictment focused on his threatening conduct, while the injury-robbery allegation in the indictment focused on the actual harm inflicted. Following the logic in *Garfias*, aggravated robbery has different individual gravamina, which should indicate that the Legislature intended to allow multiple punishments for aggravated robbery. But less than three months after *Garfias*, the Court held that double jeopardy was in fact violated when a defendant was convicted of aggravated robbery causing bodily injury and aggravated robbery by threat to the same victim during a single robbery. *Cooper*, 430 S.W.3d at 427. So why the difference?

First, there was only one statute at issue in *Cooper*: aggravated robbery. This is unlike *Garfias* which involved different statutes (aggravated robbery and aggravated assault). Different statutes are "some indication of legislative intent to authorize multiple prosecutions simply because the offenses are separately defined in different statutes." *Vick v. State*, 991 S.W.2d 830, 832 (Tex. Crim. App. 1999).

Second, in *Garfias*, the State limited its theory of aggravated robbery to aggravated robbery by threat and pursued aggravated assault by causing bodily injury as a separate offense.

In the instant case, the application paragraph of the jury charge instructed the jurors that they could convict Appellant of aggravated robbery if they found that Floyd

intentionally or knowingly, while in the course of committing theft of property and with intent to obtain or maintain control of said property did:

- threaten or place Diane Porter in fear of imminent bodily injury or death, and the Defendant used or exhibited a deadly weapon, namely a firearm; or
- cause bodily injury to another, Diane Porter, by shooting her with a firearm and the defendant used or exhibited a deadly weapon, namely a firearm.

Appellant asserted that the failure to include the jury unanimity instruction denied him the opportunity to have a unanimous verdict on aggravated robbery. We disagree. The charge above submitted the two aggravated robbery allegations disjunctively. Thus, the jury charge set forth the single, specific statutory offense of aggravated robbery and included two alternative manner and means of committing that offense. "'[M]anner or means' describes *how* the defendant committed the specific statutory criminal act." *Ngo*, 175 S.W.3d at 745. The State is permitted to plead alternate manner and means of committing the same offense. *Landrian*, 268 S.W.3d at 535-36. "'Therefore, different modes of commission may be presented in a jury instruction in the disjunctive when the charging instrument, in a single count, alleged the different means in the conjunctive.'" *Jourdan*, 428 S.W.3d at 94 (quoting *Pizzo*, 235 S.W.3d at 715). Alternate manner and means of committing the same offense may be submitted to the jury without violating the right to a unanimous jury verdict. *See Martinez v. State*, 129 S.W.3d 101, 103 (Tex. Crim. App. 2004) ("The unanimity requirement is not violated by instructing the jury on alternate theories of committing the same offense[.]").

In this case, whether Appellant was guilty of aggravated robbery by threat or bodily-injury aggravated robbery, only a single robbery occurred. The jury charge instructed the jury to find Appellant guilty if it found *either* that he had threatened or placed Diane Porter in fear of imminent bodily injury or death or had caused bodily injury to her. This charge did not deprive Appellant of his constitutional right to a unanimous verdict. Appellant robbed the complainant by obtaining her property after he shot and threatened her. Therefore, the court of appeals did not err by holding that a special unanimity instruction was not necessary under the facts of this case. The robbery by threat to place Diane Porter in fear of imminent bodily injury or death *or* the robbery causing bodily injury to Diane Porter were simply alternative methods of committing the same robbery offense. Hence, the trial court did not err by instructing the jury that it was required to be unanimous as to whether Appellant was guilty of aggravated robbery by threat or bodily-injury aggravated robbery as no such unanimity was required.

## CONCLUSION

There is no jury unanimity problem in this case. The jury unanimously found Appellant guilty of at least one of the two ways of committing aggravated robbery for which they were disjunctively authorized to find him guilty. We affirm the judgment of the court of appeals.

Delivered: November 13, 2024

Publish